BRADY, Justice.
The appellant, Albert Wilson, was tried and convicted on the charge of assault and battery with intent to kill and murder in the Circuit Court of Warren County, Mississippi. From a judgment in that court sentencing appellant to eighteen months in the state penitentiary, this appeal is prosecuted.
Three errors are assigned, namely, (1) that the verdict of the jury was against the overwhelming weight of the evidence because the shooting was clearly accidental and there was no malice aforethought proven by the testimony nor was there any assault and battery with a deadly weapon with intent to kill and murder one Lucy Mae Calvin, prosecuting witness; (2) that the interrogation of the appellant was carried out in violation of the rule set out in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and (3) that the court erred in failing to grant the appellant an instruction which set out the so-called Allen charge.
There is no merit in any of these errors for the reason that the evidence was ample to justify the jury in finding that the appellant, when highly intoxicated, knowingly, willfully, unlawfully and feloni-ously assaulted Lucy Mae Calvin by shooting her with a pistol with malice aforethought to kill and murder the said Lucy Mae Calvin.
The record discloses that when Lucy Mae Calvin refused to have sexual intercourse with the appellant he seized her arm and twisted it behind her back; that she had refused to accept the ten dollar bill which he had offered her and which was found on the floor rolled up in a ball near where she lay after being shot. His defense that she was attempting to steal his pocketbook, and that he pointed the pistol at her for the sole purpose of frightening her into giving him his pocketbook and that she struck the hammer of the pistol discharging it, was rejected by the jury. The jury accepted her explanation of what transpired and the evidence amply justifies the verdict of the jury.
There is no violation of the rule as set forth in Miranda v. Arizona, supra, for the reason that the officer was unable to interrogate the appellant and the appellant made no statement to Officer Canblish which was testified to by Canblish or offered in evidence.
The instruction complained of by the appellant as written does not accurately state the rule of law as approved by the decisions of this Court. Nevertheless, all of the instructions given both the appellant and the state, when read together, clearly announce the rules of law applicable in the case at bar.
*849 For these reasons the judgment of the lower court is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, IN-ZER and SMITH, JJ., concur.